ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2010 MAR 23 PM 2:34
DEPUTY CLERK _____

# 39261

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JANE DOE 1, by and through JANE DOE 1's MOTHER AND FATHER as Parents and natural guardians, and JANE DOE 1's MOTHER AND FATHER, Individually, and JANE DOE 2, by and through JANE DOE 2's MOTHER AND FATHER as Parents and natural guardians, and JANE DOE 2's MOTHER AND FATHER, Individually and JANE DOE 3, by and through JANE DOE 3's MOTHER AND FATHER as Parents and natural guardians, and JANE DOE 3's MOTHER AND FATHER, Individually.<br>    Plaintiff,<br><br>v.<br><br>TERRELL INDEPENDENT SCHOOL DISTRICT and KELLY RODGERS, SUPERINTENDENT,<br><br>    Defendants. | NO. 3-10CV0578-N |

## ORIGINAL COMPLAINT

PLAINTIFFS, Jane DOE 1, by and through Jane Doe 1's Mother and Father as parents and natural guardians, and Jane Doe 1's Mother and Jane Doe 1's Father, individually, and Jane DOE 2, by and through Jane Doe 2's Mother and Father as parents and natural guardians, and Jane Doe 2's Mother and Jane Doe 2's Father, individually and Jane DOE 3, by and through Jane Doe 3's Mother and Father as parents and natural guardians, and Jane Doe 3's Mother and Jane Doe 3's Father, individually, hereby sues DEFENDANTS, TERRELL INDEPENDENT SCHOOL DISTRICT and KELLY RODGERS, SUPERINTENDENT, and states the following:

## **JURISDICTION, VENUE AND PARTIES**

1. JANE DOE 1, is a resident of Kaufman County, Texas and is not *sui juris* by virtue of her minority. JANE DOE 1's MOTHER and JANE DOE 1's FATHER, individually, and as natural guardians and parents of JANE DOE 1, are residents of Kaufman County, Texas and are over the age of 18 and is otherwise *sui juris*. This action is brought anonymously to protect the identities of JANE DOE 1 and her mother and father as this matter concerns the rape and sexual assault of a minor.

2. JANE DOE 2, is a resident of Kaufman County, Texas and is not *sui juris* by virtue of her minority. JANE DOE 2's MOTHER and JANE DOE 2's FATHER, individually, and as natural guardians and parents of JANE DOE 2, are residents of Kaufman County, Texas and are over the age of 18 and is otherwise *sui juris*. This action is brought anonymously to protect the identities of JANE DOE 2 and her mother and father as this matter concerns the rape and sexual assault of a minor.

3. JANE DOE 3, is a resident of Kaufman County, Texas and is not *sui juris* by virtue of her minority. JANE DOE 3's MOTHER and JANE DOE 3's FATHER, individually, and as natural guardians and parents of JANE DOE 3, are residents of Kaufman County, Texas and are over the age of 18 and is otherwise *sui juris*. This action is brought anonymously to protect the identities of JANE DOE 3 and her mother and father as this matter concerns the rape and sexual assault of a minor.

4. Defendant, Terrell Independent School District of Kaufman County, Texas (the "District"), is a political subdivision or agency of Kaufman County, Texas. The District operates and maintains J.W. Long Elementary School in Kaufman County, Texas ("Long"). JANE DOE 1, 2, and 3 were students at J.W. Long Elementary School at all relevant times.

5. Defendant Dr. Kelly Rodgers is now a resident of the State of Texas and is sui juris. At all relevant times, he was the superintendent of the Terrell Independent School District.

6. The court has federal question subject matter jurisdiction of this action pursuant to 28 U.S.C. §§1331 and 1367, 42 U.S.C. §1983 and 20 U.S.C. §1681(a).

7. The Court has venue of this action under 28 U.S.C. §1391 as the Defendants reside in this District and the events and omissions giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

8. On separate occasions in the 2007-08 school year, an employee/teacher of the District, Mr. Salvador Mata, raped and sexually assaulted Jane Doe 1, Jane Doe 2 and Jane Doe 3 at J.W. Long Elementary School in Terrell Texas.

9. Dr. Kelly Rodgers, in his capacity as Superintendent of Terrell Independent School District, either knew or should have known that Salvador Mata had access to children in hidden locations in the school during times when the students should have been in other classes or recess. Nevertheless, Dr. Rodgers and Terrell Independent School District failed to supervise Salvador Mata or more importantly, the students that were in his care. In the alternative, Dr. Rodgers and Terrell Independent School District turned a blind eye to potential problems and or risks to its students.

10. Upon information and belief, this is not the first time that Salvador Mata had sexually molested students at this school and that Terrell Independent School was or should have been aware of the previous allegations and or complaints.

11. Despite the aforementioned facts the Defendants took no action against Salvador Mata until this matter was made public by Plaintiffs' parents and before then Salvador Mata continued to teach at J.W. Long Elementary School and given unfettered access to young girls at the school. At the same time, the Defendants did nothing to warn female students and their families of the known dangerous sexual propensities of Mata.

12. At all relevant times, JANE DOE 1, JANE DOE 2 and JANE DOE 3 were students at J.W. Long Elementary School.

13. JANE DOE 1, JANE DOE 2 and JANE DOE 3 were assigned to the class taught by Salvador Mata. On or about March 2, 2007 though 2008, JANE DOE 1, JANE DOE 2 and JANE DOE 3 were repeatedly sexually assaulted and raped in a classroom at J.W. Long Elementary School by Salvador Mata.

14. As a result of this rape and sexual assault, JANE DOE 1, JANE DOE 2 and JANE DOE 3 have suffered and will continue to suffer severe psychological and emotional injuries.

15. Plaintiffs have retained the undersigned counsel and have agreed to pay reasonable attorneys' fees.

## COUNT I
### (Violation of 42 U.S.C. 1983 - Policy, Practice or Custom Causing Constitutional Harm - Against Defendant School District)

16. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 15 above.

17. JANE DOE 1, JANE DOE 2 and JANE DOE 3 had a constitutional right not to be sexually abused while in the care of Defendant School District. Specifically, JANE DOE 1, JANE DOE 2 and JANE DOE 3 had a constitutional due process liberty interest to bodily integrity.

18. The School District had an affirmative constitutional duty to protect JANE DOE 1, JANE DOE 2 and JANE DOE 3's right to bodily integrity, including protection from sexual abuse by one its employees or agents.

19. Upon information and belief, at all relevant times Defendant School District had a longstanding policy, practice or custom of lax policies regarding teacher access to students behind closed doors. Defendant School District further had a custom or policy of lax investigation and non-response to allegations that Mata was sexually aggressive and inappropriate with female students.

20. The School District acted with deliberate indifference in the gross failure to adequately investigate Mata and/or create policies that would have prevented Mata from being alone with students unsupervised which allowed the sexual assaults to occur.

21. The School District's policy, practice or custom is also reflected in (i) failing to remove Mata from authority and control of students; and (ii) failing to impose any restrictions whatsoever on Mata's access to children.

22. As a result of the School District's policy, practice or custom, JANE DOE 1, JANE DOE 2 and JANE DOE 3 were sexually assaulted by Mata, which has caused them to suffer damages.

WHEREFORE, Plaintiffs demand judgment for compensatory damages, punitive damages, attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and such other and further relief as this Court deems just and proper.

## COUNT II
### (Violation of 42 U.S.C. §1983 - Deficient Training Practices Causing Constitutional Harm - Against Defendant School District)

23. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 15 above.

24. The School District failed to adequately supervise its employees. Among other things, Mata was allowed to be in a situation where he was alone in a classroom with JANE DOE 1, JANE DOE 2 and JANE DOE 3. Additionally, the School District's

training practices regarding investigation and response to complaints of sexual assault were wholly inadequate. The School District's supervision and training practices were not calculated or designed to protect children from sexual abuse.

25. Failure to adequately train and supervise with regard to the risks of sexual assault upon students was an official policy of the School district.

26. The School District was deliberately indifferent to the constitutional rights of children to bodily integrity in adopting its supervision and training practices.

27. The School District's failure to train or supervise reflects a deliberate or conscious choice.

28. The foregoing deficiency in the School District's training and supervision practices caused JANE DOE 1, JANE DOE 2 and JANE DOE 3 to be sexually assaulted by Mata and suffer damages.

WHEREFORE, Plaintiffs demand judgment for compensatory damages, punitive damages, attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and such other and further relief as this Court deems just and proper.

### COUNT III
### (Violation of Title IX, Education
**Amendments of 1972 - 20 U.S.C. §1681 et seq. - Against Defendant School Board)**

29. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 15 above.

30. At all relevant times, the education program or activity at J.W. Long Elementary School received federal financial assistance.

31. JANE DOE 1, JANE DOE 2 and JANE DOE 3 had a right to not be subject to sexual discrimination, harassment or abuse while they participated in that education program or activity.

32. Upon information and belief, the School District and Dr. Kelly Rodgers had actual notice of Mata's violation of rights as a result of a prior allegation or complaints.

33. Upon information and belief, the School Board and Dr. Kelly Rodgers each had authority to address the acts of abuse by Mata and institute corrective measures.

34. As a result of this inaction, JANE DOE 1, JANE DOE 2 and JANE DOE 3 were sexually assaulted by Mata.

35. JANE DOE 1, JANE DOE 2 and JANE DOE 3 have suffered damages as a result of Defendant School District's actual notice of Mata's sexual deviancy and the risk he posed to young girls, and its inaction in response.

WHEREFORE, Plaintiffs demand compensatory damages, attorneys' fees and costs pursuant to 42 U.S.C. §1988, and such other and further relief as this Court deems just and proper.

## COUNT IV
**(Violation of 42 U.S.C. §1983 - Against Defendant Dr. Kelly Rodgers )**

36. Plaintiffs repeat and reallege the allegations set forth above in paragraphs 1 through 15 above.

37. At all relevant times, Dr. Kelly Rodgers was acting under color of state law in his supervisory capacity over Mr. Mata.

38. JANE DOE 1, JANE DOE 2 and JANE DOE 3 each had a constitutional due process liberty interest to bodily integrity. This interest included the right to be free from sexual assault by a state actor in public school.

39. JANE DOE 1, JANE DOE 2 and JANE DOE 3's constitutional right to be free from sexual assault by a teacher in a public school classroom is a clearly established right.

40. Defendant Rodgers acted with reckless and deliberate indifference to the risks of sexual abuse to the female students at J.W. Long Elementary School.

41. No reasonable similarly situated official would have exposed children to the risks of a sexual attack by Mata, as Dr. Rodgers did in this case.

42. As a result of Dr. Rodgers' acts and omissions, JANE DOE 1, JANE DOE 2 and JANE DOE 3 were raped and sexually assaulted, which has caused each of them to suffer damages.

43. By his acts and omissions, Dr. Rodgers violated JANE DOE 1, JANE DOE 2 and JANE DOE 3's constitutional right to bodily integrity in public school.

WHEREFORE, Plaintiffs demand judgment for compensatory damages, punitive damages, attorneys' fees and costs pursuant to 42 U.S.C. §1988, and such other and further relief as this Court deems just and proper.

## COUNT V
((Loss of Consortium - Against Both Defendants)

44. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 43 above.

45. As a result of Defendants' violation of JANE DOE 1, JANE DOE 2 and JANE DOE 3's common law and constitutional rights, JANE DOE 1, JANE DOE 2 and JANE DOE 3's MOTHERS and JANE DOE 1, JANE DOE 2 and JANE DOE 3's FATHERS have suffered and will suffer damages, including loss of comfort, companionship and society, and pecuniary losses, consisting of, without limitation, care and treatment of JANE DOE 1, JANE DOE 2 and JANE DOE 3 and loss of earnings arising therefrom.

46. The Defendants' acts and omissions were the direct and proximate cause of JANE DOE 1, JANE DOE 2 and JANE DOE 3's suffering a permanent and total disability.

WHEREFORE, Plaintiffs, JANE DOE 1, JANE DOE 2 and JANE DOE 3's MOTHERS and JANE DOE 1, JANE DOE 2 and JANE DOE 3'S FATHERS, individually, demand compensatory damages for loss of consortium, attorneys' fees and costs pursuant to 42 U.S.C. §1988, and such other and further relief as this Court deems just and proper. Plaintiffs hereby state that at this time they seek compensatory damages in an amount not to exceed $10,000,000 (ten million dollars) and reserves the right to amend this amount.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury and all issues so triable as a matter of right.

Dated: March 23, 2010.

Respectfully submitted,

s/ Ray Jackson
Ray Jackson
Attorney for Plaintiffs
SBN 00797754
3838 Oak lawn Ave., Ste1350
Dallas, TX 75219
214.651.6250 Office
214.651.6244 Facsimile

JS 44 (TXN) ORIGINAL CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jane Doe 1, et al

## DEFENDANTS
Terrell Independent School District, et al.

3-10CV0578-N

**(b)** County of Residence of First Listed Plaintiff: Kaufman
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Kaufman
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED
BY _____
MAR 23 2010
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Ray Jackson, The Jackson Law Firm, 3838 Oak Lawn Ave., Suite 1350, Dallas, Texas 75219

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 1983

Brief description of cause:
defendants were raped by their 5th grade teacher while attending school in Terrell Independent School District

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 10,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED: (See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE: 03/23/2010
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____